IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD K. WORRELL,**           CASE NO. 2:08-cv-271
                                  JUDGE SMITH
    **Petitioner,**              MAGISTRATE JUDGE KEMP

v.

**MICHAEL SHEETS, Warden,**

    **Respondent.**

## OPINION AND ORDER

On May 14, 2009, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, petitioner's objections are **OVERRULED**. This action is hereby **DISMISSED**.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claim on the merits. He again raises all of the same arguments he previously presented. Specifically, petitioner asserts that the trial court was without authority under Ohio law to impose consecutive terms of incarceration after *State v. Foster,* 109 Ohio St.3d 1 (2006), excised provisions of Ohio's sentencing statutes, *i.e.*, §§2929.14(E)(4), and 2929.41(A), requiring judicial fact finding prior to imposition of consecutive terms of incarceration. Petitioner again argues that his sentence therefore was constitutionally prohibited. According to petitioner, the Ohio Supreme Court's decision in *State v. Bates*, 118 Ohio St.3d 174 (2008), rejecting this argument was wrongly decided and "is not legally sustainable."

*Objections,* at 2. He refers to O.R.C. §5145.01 in support of this claim. *See id.*

Pursuant to 28 U.S.C. §636(b), this Court has conducted a *de novo* review of the Magistrate Judge's *Report and Recommendation.* Upon review of the record, this Court likewise concludes that petitioner has failed to present an issue warranting federal habeas corpus relief. Ohio law has long provided that "in the absence of statute, it is a matter solely within the discretion of the sentencing Court as to whether sentences shall run consecutively or concurrently." *Stewart v. Maxwell*, 174 Ohio St.180, 181 (1962). Indeed, a sentence that does not specify whether it is to be served concurrently or consecutively is presumed to be consecutive. *Id.* Further, "federal courts must defer to a state court's interpretation of its own rules of evidence and procedure'" in considering a habeas petition. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988)(quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988). The record fails to reflect such circumstances here. Petitioner's claim necessarily involves Ohio's interpretation of Ohio law and therefore does not entitle him to federal habeas corpus relief. Because it cannot be said that Ohio law prohibits imposition of consecutive sentences on petitioner, it cannot be said that petitioner thereby was denied his constitutional right to due process. In short, the federal due process clause simply is not implicated when a state court imposes consecutive sentences in a manner that appears to be authorized under state law.

Additionally, as discussed by the Magistrate Judge, a federal Court may grant

habeas relief only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States. 28 U.S.C. §2254(a). Petitioner has referred to, and this Court is aware of, no decision of the United States Supreme Court even suggesting that he is entitled to relief.

For all the foregoing reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

\s\ George C. Smith
GEORGE C. SMITH
United States District Judge